# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1638V
UNPUBLISHED

| | |
|---|---|
| MICHAEL POWELL, As Executor and Fiduciary of the Estate of VIRGINIA POWELL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 5, 2020<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*John Robert Howie,* Howie Law, PC, Dallas, TX, for Petitioner.

*Mollie Danielle Gorney,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On October 24, 2018, Virginia Powell[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[3] (the "Vaccine Act"). Petitioner alleges that Ms. Powell suffered from Guillain-Barré Syndrome ("GBS") as a result of receiving a flu vaccine and suffered the residual effects of this injury for more than six months.[4] Petition at 1, 3; Stipulation, filed at November 4, 2020, ¶¶ 4, 6. "Respondent denies that Ms. Powell sustained a GBS Table Injury within the time period set forth in the Table; denies that the flu vaccine caused Ms. Powell to suffer GBS,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Ms. Powell originally filed the petition on October 24, 2018, through her attorney. After her subsequent death on February 28, 2019, her son, Michael Powell, was named executor of her estate and was substituted as petitioner, on behalf of Ms. Powell's estate on August 20, 2019.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[4] The petition does not allege that Ms. Powell's death was a result of her alleged vaccine injury.

or any other injury, or her death; and further denies that Ms. Powell experienced the residual effects of her alleged injury for more than six months." Stipulation at ¶ 6.

Nevertheless, on November 4, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $100,000.00, in the form of a check payable to Petitioner, as legal representative of the estate of Virginia Powell**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| MICHAEL POWELL, as executor and fiduciary of the estate of VIRGINIA POWELL, ) ) ) ) ) | |
| Petitioner, ) ) | |
| ) | No. 18-1638V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Virginia Powell ("Ms. Powell") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to Ms. Powell's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Powell received the flu vaccine on October 24, 2015.

3. The vaccination was administered within the United States.

4. Petitioner alleges that Ms. Powell suffered from Guillan-Barré Syndrome ("GBS") as a result of receiving the flu vaccine and suffered the residual effects of this alleged injury for

---

[1] Ms. Powell originally filed the petition on October 24, 2018, through her attorney. After her subsequent death on February 28, 2019, her son, Michael Powell, was named executor of her estate and was substituted as petitioner, on behalf of Ms. Powell's estate, on August 20, 2019.

more than six months.[2]

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages by Ms. Powell or her estate as a result of Ms. Powell's alleged injury or condition.

6. Respondent denies that Ms. Powell sustained a GBS Table injury within the time period set forth in the Table; denies that the flu vaccine caused Ms. Powell to suffer GBS, or any other injury, or her death; and further denies that Ms. Powell experienced the residual effects of her alleged injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00 in the form of a check payable to petitioner, as legal representative of the estate of Virginia Powell. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

---

[2] The petition does not allege that Ms. Powell's death was a result of her alleged vaccine injury.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian or conservator of Ms. Powell's estate under the laws of the State of New York. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of Ms. Powell's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of Ms. Powell's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of Ms. Powell's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as legal representative of Ms. Powell's estate, on behalf of himself, the estate, and on behalf of Ms. Powell's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including

agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Powell resulting from, or alleged to have resulted from, the flu vaccination administered on October 24, 2015, as alleged in a petition for vaccine compensation filed on or about October 24, 2018, in the United States Court of Federal Claims as petition No. 18-1638V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Powell to have GBS, or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Michael E. Powell*
MICHAEL POWELL

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
JOHN R. HOWIE, JR.
Counsel for Petitioner
Howie Law, P.C.
2608 Hibernia Street
Dallas, Texas 75204

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, DHSc, for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Mollie D Gorney
by Catharine E*
MOLLIE D. GORNEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

Dated: 12/4/20

6